UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11030-GAO

PALMER/KANE LLC,
Plaintiff,

v.

HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY,
Defendant.

<u>OPINION AND ORDER</u>
January 16 , 2014

O'TOOLE, D.J.

Palmer/Kane LLC asserts claims of copyright infringement (Count I) and breach of contract (Count II) against Houghton Mifflin Harcourt Publishing Company ("HMH"). HMH has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the contract claims and some of the copyright claims.

The plaintiff alleges the following facts:

Palmer/Kane is a stock photography company that produces commercial photographic images. It owns copyrights of images produced by photographer Gabe Palmer under his name or under the brand name MugShots. These images are licensed either directly to an end user, such as a publisher, or through an intermediary agency such as Corbis, Getty Images, Alamy, and The Stock Market. When an end user like HMH selects an image for use from an agency's inventory, typically available via a website, it pays a license fee to that agency. In turn, the agency then pays royalties to Palmer/Kane.

Palmer/Kane asserts that HMH has infringed its copyrights by (1) using images for which it was never granted a license; (2) using images beyond the scope of any license it had either

from Palmer/Kane or from a third-party agency; and (3) contributing to unlicensed and thus infringing use of images by foreign publishers. Palmer/Kane also asserts breach of contract claims based on alleged violations of various licensing agreements.

In evaluating a motion to dismiss, the Court must take "all the factual allegations in the complaint as true." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). However, "formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court need not "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). The Court may "begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 664.

A. Count II: Breach of Contract

In Count II Palmer/Kane amalgamates three different breach of contract theories.

*i. Unlicensed Photographs*

First, it alleges that several images were never licensed for use to HMH by anyone. If these allegations are taken as true, as the Court must do at the pleading stage, there was no contract to breach. "In order to plead a viable breach of contract claim under Massachusetts law, 'plaintiffs must prove that a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiffs sustained damages as a result of the breach.'" Vieira v. First Am. Title Ins. Co., 668 F. Supp. 2d 282, 288 (D. Mass. 2009) (quoting Brooks v. AIG SunAmerica Life Assurance Co., 480 F.3d 579, 586 (1st Cir. 2007)). This is an infringement claim, not a

contract claim. Palmer/Kane appears to have recognized this and abandoned these claims as contract claims by failing to offer any objection to the motion in this respect. See Daylily Farms, Inc. v. Chao, 357 F. Supp. 2d 356, 359 (D. Mass. 2005).

        ii.        *Directly Licensed Photographs*

Palmer/Kane also asserts claims for breach of contract arising from the use of images that it says it directly licensed to HMH. Palmer/Kane alleges that the use of these images exceeded the "extremely specific" terms of the license. (See, e.g., Am. Compl. at 10 (dkt. no. 10).) However, it does not plead the specific provisions of these licenses, nor has it provided copies of the license agreements. A complaint which fails to allege the specific terms of a contract and the manner in which the defendant failed to fulfill its obligations is insufficiently pled. See Doyle v. Hasbro, Inc., 103 F.3d 186, 195 (1st Cir. 1996) ("Conclusory statements that [the defendants] failed to meet their contractual requirement, are insufficient to satisfy the pleading requirements."). Again, Palmer/Kane articulates no rebuttal to HMH's argument and these claims are likewise regarded as abandoned. See Daylily Farms, 357 F. Supp. 2d at 359.

        iii.        *Photographs Licensed through Corbis*

Palmer/Kane asserts that HMH used photographs beyond the scope of the limited licenses granted to it by Corbis. It claims the right to assert this breach as a third-party beneficiary of the contracts between Corbis and HMH. "Under Massachusetts law, third-party beneficiaries may only enforce contracts when they are '*intended* beneficiaries' of the contract. It must appear from 'the language and circumstances of the contract' that the parties to the contract 'clear[ly] and definite[ly]' intended the beneficiaries to benefit from the promised performance." Haggins v. Verizon New Eng., Inc., 648 F.3d 50, 57 (1st Cir. 2011) (alterations in original) (quoting Miller v. Mooney, 725 N.E.2d 545, 549-50 (Mass. 2000)). In a recent case involving similar claims and

parties, Judge Saylor held that a plaintiff-photographer like the plaintiff here did not have standing to enforce a license contract between Corbis and HMH: "There is no question that plaintiff benefits from the overall contract between HMH and Corbis, as he undoubtedly receives payments from Corbis as a result of the payments *to* Corbis by MHM. However that only establishes that he is an incidental beneficiary of the contract." Lefkowitz v. Houghton Mifflin Harcourt Publ'g Co., No. 12-10614-FDS (D. Mass. July 19, 2013). I agree with that reasoning.

Though Lefkowitz was decided under New York law, the same conclusion follows under Massachusetts law, which like New York law "comports with the third party beneficiary rules in Restatement (Second) of Contracts § 302." Pub. Serv. Co. v. Hudson Light & Power Dep't, 938 F.2d 338, 341 (1st Cir. 1991). Illustration seventeen to § 302 is particularly instructive: "B contracts with A to buy a new car manufactured by C. C is an incidental beneficiary, even though the promise can only be performed if money is paid to C." Restatement (Second) of Contracts § 302 (1981). Here, Palmer/Kane alleges HMH contracts with Corbis to obtain licenses for Palmer/Kane's copyrighted images. If taken as true, under the Restatement doctrine followed in Massachusetts Palmer/Kane is only an incidental beneficiary. Not qualifying as an intended beneficiary, Palmer/Kane does not have standing to sue for breach of any Corbis-HMH contract to which it is not a direct party. Cf. Spinner v. Nutt, 631 N.E.2d 542, 546 (Mass. 1994).

In sum, Palmer/Kane has failed to adequately plead any viable breach of contract claim against HMH, and Count II should be dismissed in its entirety.

### B. Count I: Copyright Infringement

By its claim for copyright infringement, Palmer/Kane seeks among other things to recover damages resulting from foreign publication of Palmer/Kane copyrighted images by third-party entities. "It is well established that copyright laws generally do not have extraterritorial

application." <u>Update Art, Inc. v. Modiin Pub., Ltd.</u>, 843 F.2d 67, 73 (2d Cir. 1988). To avoid the extraterritorial limitations of the Copyright Act, Palmer/Kane relies on the so-called "predicate-act doctrine," "which posits that a plaintiff may collect damages from foreign violations of the Copyright Act so long as the foreign conduct stems from a domestic infringement." <u>Tire Eng'g and Distrib., LLC v. Shandong Linglong Rubber Co., Ltd.</u>, 682 F.3d 292, 306 (4th Cir. 2012). Since first being articulated by Judge Learned Hand in <u>Sheldon v. Metro-Goldwyn Pictures Corp.</u>, 106 F.2d 45 (2d Cir. 1939), the doctrine has been followed by the Second, Ninth, Federal, and most recently the Fourth Circuits. <u>See</u> <u>Update Art</u>, 843 F.2d at 73; <u>L.A. News Serv. v. Reuters Television Intl'l, Ltd.</u>, 149 F.3d 987 (9th Cir. 1988); <u>Litecubes, LLV v. N. Light Prods., Inc.</u>, 523 F.3d 1353 (Fed. Cir. 2008). The First Circuit has not spoken to the issue, although one District Court in this Circuit has also applied the doctrine. <u>See</u> <u>StockFood America, Inc. v. Pearson Educ., Inc.</u>, 2012 WL 5986791 (D. Me. Nov. 29, 2012).

I think the matter is too uncertain to be decided on a motion to dismiss. It will be better resolved on a developed factual record, either at or before trial.

For the foregoing reasons, the defendant's Partial Motion (dkt. no 13) to Dismiss is GRANTED IN PART and DENIED IN PART. Count II is DISMISSED.

It is SO ORDERED.

                                                           /s/ George A. O'Toole, Jr.
                                                           United States District Judge