UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PALMER/KANE LLC,                         :

                Plaintiff,               :   Civil Action
                                             No. 13-11030-GAO
        v.                               :

HOUGHTON MIFFLIN HARCOURT                :
PUBLISHING COMPANY,
                                         :
                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

JOINT STATEMENT OF THE
PARTIES AND PROPOSED PRETRIAL SCHEDULE,
PURSUANT TO FED. R. CIV. P. 16(b) & 26(f) AND LOCAL RULE 16.1(D)

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1, counsel for Plaintiff Palmer/Kane LLC ("Palmer/Kane") and counsel for Defendant Houghton Mifflin Harcourt Publishing Company ("HMH") submit this Joint Statement and Proposed Pretrial Schedule, in connection with the Scheduling Conference to be held on February 18, 2014 (see Docket No. 29, Jan. 24, 2014).

I.   **RULE 26(f) CONFERENCE OF THE PARTIES**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B), counsel for the parties have conferred to discuss: (1) the nature and basis for their claims and defenses; (2) the possibility for a prompt settlement or resolution of the case; (3) to arrange for the disclosures required by Rule 26(a)(1); (4) to develop a proposed pretrial plan for the case that includes a discovery plan; (5) to prepare an agenda of items to be discussed at the scheduling conference; (6) to consider whether they will consent to trial by magistrate judge; and (7) to prepare an agenda of matters to be discussed at the scheduling conference. (The parties propose that this joint statement serve as the agenda for the scheduling conference.)

## II.  DOCUMENT PRESERVATION PROTOCOLS

Counsel for each party certifies their respective client has in place protocols for the preservation of documents reasonably necessary for the conduct of this case.

## III.  SUBJECTS FOR WHICH DISCOVERY MAY BE NEEDED

Plaintiff's position is that discovery is needed on the following subjects:

1. Alleged copyright infringement by HMH.

2. Alleged damages caused by HMH's alleged copyright infringement.

3. Profits, if any, derived from HMH's alleged copyright infringement.

4. History of various licenses granted by or on behalf of Palmer/Kane for the use of one or more of the copyrighted photographic images at issue in this case, including but not limited to negotiations, terms and termination of such licenses.

5. In addition to the foregoing, history of various licenses granted by or on behalf of Palmer/Kane to HMH for the use of one or more of the photographic images that is at issue in this case, including but not limited to negotiations, terms and termination of such licenses.

6. HMH's uses of each of the Palmer/Kane copyrighted photographic images at issue in this case, including but not limited to such uses, if any, that are allegedly unlicensed or beyond the scope of any applicable license.

7. Any alleged authorizations given by Palmer/Kane for conduct now claimed to be infringing.

8. Any agreements or alleged authorizations between HMH and any entity other than Palmer/Kane regarding the use of one or more of the Palmer/Kane copyrighted photographic images at issue in this case.

Defendant's position is that discovery is needed on the following subjects:

1. Registration with the United States Copyright Office of the images specifically alleged in the Complaint.

2. Licensing and usage of the image uses specifically alleged in the Complaint.

3. Assignments, representation agreements, sub-licenses, and other agreements between Palmer/Kane and any other party concerning the images and/or image uses specifically identified in the Complaint.

    4.      Documents and information regarding Palmer/Kane, and/or Palmer/Kane agents or sub-licenors, pricing of image licenses.

    5.      Documents and information regarding Palmer/Kane's discovery of the claims alleged in the Complaint.

    6.      Communications and documents related to HMH.

## IV.  PROPOSED PRETRIAL SCHEDULE

The parties jointly propose the following pretrial schedule for the case, which includes a plan for discovery:

1. No later than February 11, 2014, all parties shall serve their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(a).

2. All fact discovery shall be concluded on or before February 13, 2015.

3. All non-expert depositions shall be concluded on or before February 13, 2015.

4. Designation of all expert witnesses (if any), and the information described in Fed. R. Civ. P. 26(a)(2) concerning each expert, shall be served on or before May 1, 2015.

5. Rebuttal of all expert reports shall be served on or before June 5, 2015.

6. All expert depositions shall be concluded on or before June 19, 2015.

7. Dispositive motions shall be filed on or before July 31, 2015.

    A.    Oppositions to dispositive motions shall be filed on or before August 28, 2015.

    B.    Replies to dispositive motions shall be filed on or before September 11, 2015.

8. A hearing on dispositive motions to be scheduled at the Court's convenience.

9. Subject to the Court's schedule, the parties anticipate trial to occur during November 2015.

## V. ELECTRONICALLY STORED INFORMATION

Counsel for the parties shall meet and confer to develop mutually-agreeable procedures for, and limits (if any) to be placed on, the preservation and discovery of electronically stored information, including:

1. Whether preservation and discovery of electronically stored information should be limited to that located on the parties' active computer systems or extended to backup systems;

2. The identification of key persons, if any, who should have their electronically stored information produced;

3. Whether production of electronically stored information should be limited to discrete time periods; and

4. Whether costs of producing electronically stored information should be shifted, particularly costs of preserving and producing information stored on backup systems.

## VI. TRIAL BY MAGISTRATE JUDGE

The parties do not consent to a trial by a Magistrate Judge at this time.

## VII. SETTLEMENT

Palmer/Kane is seeking damages for the alleged copyright infringement of original photographic images allegedly created and owned by Palmer/Kane.

Palmer/Kane presented a written settlement demand to HMH in June 2013. Following that, the parties have engaged in preliminary settlement discussions, and expect those discussions to continue.

## VIII. LOCAL RULE 16.1(D)(3) CERTIFICATIONS

HMH has conferred with its counsel as required by Local Rule 16.1(D)(3); its certification is attached as Exhibit A hereto. Palmer/Kane will submit its certification before February 11, 2014.

| | |
|---|---|
| Dated: February 6, 2014<br>        Boston, Massachusetts | Respectfully submitted, |
| /s/ Clyde A. Shuman<br>Michael J. Markoff (BBO# 547590)<br>PEARL COHEN ZEDEK<br>   LATZER BARATZ LLP<br>50 Congress Street, Suite 1040<br>Boston, Massachusetts 02109<br>(617) 228-5720<br>mmarkoff@verizon.net<br><br>Clyde A. Shuman (admitted pro hac vice)<br>PEARL COHEN ZEDEK<br>   LATZER BARATZ LLP<br>1500 Broadway, 12th Floor<br>New York, New York 10036<br>(646) 878-0843<br>cshuman@pearlcohen.com<br><br>Counsel for Plaintiff<br>Palmer/Kane LLC | /s/ David S. Clancy<br>David S. Clancy (BBO# 636031)<br>Matthew M.K. Stein (BBO# 666127)<br>SKADDEN, ARPS, SLATE,<br>   MEAGHER & FLOM LLP<br>One Beacon Street<br>Boston, Massachusetts 02108<br>(617) 573-4800<br>david.clancy@skadden.com<br>matthew.stein@skadden.com<br><br>Steven F. Napolitano (admitted pro hac vice)<br>SKADDEN, ARPS, SLATE,<br>   MEAGHER & FLOM LLP<br>Four Times Square<br>New York, New York 10036<br>(212) 735-3000<br>steven.napolitano@skadden.com<br><br>David R. Pehlke (admitted pro hac vice)<br>SKADDEN, ARPS, SLATE,<br>   MEAGHER & FLOM LLP<br>155 N. Wacker Drive<br>Chicago, Illinois 60606<br>(312) 407-0700<br>david.pehlke@skadden.com<br><br>Counsel for Defendant<br>Houghton Mifflin Harcourt Publishing Co. |

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and a paper copy will be sent by first class mail, postage prepaid, to counsel for Plaintiff Palmer/Kane LLC, Clyde Shuman, Esq., Pearl Cohen Zedek Latzer Baratz LLP, 1500 Broadway, 12th Floor, New York, New York 10036 on Feburary 6, 2014.

Dated: February 6, 2014                                                     /s/ David S. Clancy
                                                                                         David S. Clancy